356 So.2d 69 (1978)
Donnell SLATER, Appellant,
v.
STATE of Florida, Appellee.
No. DD-462.
District Court of Appeal of Florida, First District.
March 16, 1978.
*70 Ernest D. Jackson, Sr., of Jackson & Micks, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., Michael H. Davidson, Asst. Atty. Gen., for appellee.
BOYER, Judge.
A jury found appellant guilty of conspiracy to sell or deliver cocaine. He now appeals the adjudication of guilt based upon the jury verdict.
There is nothing in the record to support appellant's first two points on appeal. As to those points we accordingly affirm.
By his third point appellant urges that the trial court erred in admitting evidence of an agreement between two co-conspirators to purchase and deliver cocaine, the agreement having been made in the absence of appellant.
In establishing a conspiracy the state may adduce evidence of related transactions between or among other co-conspirators not withstanding that all alleged conspirators were not privy to that transaction if it is established that that transaction is part of the overall conspiracy. (Though distinguishable, see Epps v. State, 354 So.2d 441 (Fla.App. 1st 1978), and cases therein cited.) As an example, two parties may agree to commit an illegal act: If, thereafter, a third party joins in the agreement, the *71 original agreement may be proved in the trial of the third party notwithstanding that he was not a party to the initial agreement. Further, the order of proof, in an appropriate case, may be reversed and evidence admitted of declarations or acts of co-conspirators prior to proof of the conspiracy itself. (See Honchell v. State, 257 So.2d 889 (Fla. 1971)) Such reversal of sequence is, of course, conditioned on the state subsequently furnishing adequate proof of the conspiracy. (Honchell v. State, supra, and cases there cited)
Appellant's fourth point is essentially the same as the third and our ruling is the same.
By his fifth point appellant contends that the trial judge committed reversible error when permitting a police officer, over the objection of the defendant, to be qualified as an expert witness regarding street language in the drug culture and permitting the officer to explain to the jury his interpretation of words used by the alleged conspirators in intercepted conversations, the tapes of which were played to the jury. During those conversations the speakers used the terms "C"; "white girl"; "lady"; "snow"; "party pack"; "rock and roll"; "boy"; "white boy"; "doogee"; "kattie" and the expression "three, but I know a duece smoking." The words were used in contexts wherein their normal lexicographical meanings would be illogical and meaningless. They would make no sense at all to the average juror. We find no error. (See United States v. Cirillo, 499 F.2d 872 (2d Cir.1974); United States v. Borrone-Iglar, 468 F.2d 419 (2d Cir.1972); State v. Grayton, 163 Conn. 104, 302 A.2d 246 (1972), cert. den. 409 U.S. 1045, 93 S.Ct. 542, 34 L.Ed.2d 495 (1972); and Llerandi v. Blackburn, 97 So.2d 247 (Fla. 1957))
Finally, appellant seeks reversal on the ground that the trial judge denied his motion to be declared insolvent for the purpose of taking necessary depositions of witnesses who were later called by the state as witnesses at the trial. In proceedings for the determination of insolvency, there is a presumption of solvency and the defendant has the burden of rebutting that presumption by constant proof. (F.S. 27.52(2)(a)) The record does not reveal that appellant met his burden of proof. He was represented by able counsel and no error has been demonstrated.
AFFIRMED.
McCORD, C.J., and McLANE, RALPH M., Associate Judge, concur.