McCORD, Chief Judge.
This is an appeal from convictions and sentences of appellant for three offenses which will be described below. We affirm.
Appellant was tried by jury and found guilty of conspiring with Jeffery Whitehead, James Franklin Smith a/k/a “J. B.”, David Ross and Jane Doe a/k/a “Vickie” in the period beginning on September 17,1975, and continuing to October 2,1975, to unlawfully sell cocaine (Case No. 76-801 below). Following judgment of guilt, he pled guilty to conspiring with Stanley Scott, beginning on September 17, 1975 and continuing to September 27, 1975, to unlawfully sell cannabis (Case No. 76-799 below). He further pled guilty at that time to the first count of an information charging that he did conspire with Carlton Hamilton, a/k/a “Carl,” beginning on the 6th day of October, 1975, and continuing to the 8th day of October, 1975, to unlawfully sell cocaine (Case No. 76-805 below). He was sentenced to five years in the state prison in Case No. 76-799; to five years in the state prison in Case No. 76-805 to run consecutively with the sentence pronounced in Case No. 76-799; and to five years in the state prison in Case No. 76-801 to run concurrently with the sentence in Case No. 76-805.
Among other points raised on appeal, appellant contends that the state failed to establish a sufficient factual predicate for his guilty pleas in Case Nos. 76-799 and 76-805. These guilty pleas were entered by appellant following his conviction after jury trial in Case No. 76-801, the evidence against him having been obtained and presented primarily through wiretaps. Although the state, in relating on the record a factual basis for the guilty pleas, recited only the allegations of the charges in the informations, appellant has not shown that he was prejudiced thereby. Furthermore, the trial court fully advised appellant of his constitutional rights and by its questions ascertained that the pleas were completely voluntary. The statement of the factual bases of the pleas was supplemented by statements of appellant’s privately retained trial counsel, who is known by this Court to be a lawyer of many years’ experience in the defense of criminal cases. Appellant’s trial counsel stated on the record as follows:
*842 “Your Honor, this is the case that was set before Your Honor for trial today.
I have had an opportunity to discuss with my client and one or two members of his family the case, this case, and other cases pending against Mr. Sykes.
I have advised Mr. Sykes that he has a right to go to a jury trial on each of these cases, as he did last week.
I have also advised him that he has a right to confront his accusers and a right to remain silent as we did last week.
Your Honor, I have advised him that if convicted on each of the counts, or any of the counts for which he is charged, I have advised Mr. Sykes that he could be sentenced to a term of five years on each count for which the conviction was brought and had.
I have attempted to advise Mr. Sykes of any possible defenses that we might have and might present to the jury in connection with these charges.
He has had the benefit of listening to the tapes last week and to the tapes to be played in this case. I have at my own expense, or out of my retainer, purchased tapes and I have heard the tapes in the other cases and I have advised him that the tapes are similar to those which he has heard.
I have further advised him that in my opinion that the same officers who testified last week and who identified his voice would be able to do so again, and that the witnesses who appeared against him, with particularity Officer McClain, who was qualified by the Court as an expert in the use of street language, would be called by the State as a witness to each of the conversations.
I have advised him that in my opinion that if we try all these cases that the Court would be in position by reason of convictions thereon to sentence him to no less than — to a term of no less than 50 years, and that on one of the cases there is a 13 count information, and that if convicted on each of those he could be sentenced to a term of 65 years on that case alone.
I have attempted to give Mr. Sykes a broad understanding of the nature of these other charges and the defenses to them, and I have advised him what he was giving up, and I have advised him of certain plea negotiations that I have had with the State through the Assistant State Attorney, Mr. DuBray.
Your Honor, at this time based upon the plea negotiations with the State, which I would like to outline, Mr. Sykes has instructed me to enter a plea of guilty to this charge, that is, 76-799, guilty as charged.
I am also instructed by him to enter a plea in Case Number 76-805 as to count one, to withdraw the plea of not guilty previously entered, as I meant to do in Case Number 76-700, and enter a plea of guilty to that first count.
Your Honor, it’s my understanding that the State will abandon all other charges in this cause against Mr. Sykes and that the State will recommend to the Court that if the Court is inclined to sentence Mr. Sykes to a full term of five years on each of the counts upon which he would be convicted,’that their recommendation would be that five years of that 15 run concurrent with another five, making a total amount of time of 10 years.”
The trial court accepted the plea bargain and sentenced appellant pursuant to it, and the state nol prossed numerous other charges pending against appellant. When we consider the fact that appellant and his counsel, of course, heard all of the evidence in the case which went to jury trial and were fully acquainted with the evidence to be presented on the two charges to which appellant pled guilty, it is apparent that appellant, in pleading guilty to the three offenses, recognized that each charged a separate conspiracy. This is further borne out by the fact that each charged a conspiracy with a different individual. Also, although two of the offenses were conspiracies to sell cocaine, one was a conspiracy to sell a different substance — cannabis. We find no reversible error.
*843 We have considered the other points raised by appellant and find them to be without merit. See Mitchell and Ryder v. State (Fla. 1 DCA 1979), Case Nos. JJ-54 and JJ-55, opinion filed January 16, 1979; Scott v. United States, 436 U.S. 128, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978); Slater v. State, 356 So.2d 69 (Fla. 1 DCA 1978); Clark v. State, 363 So.2d 331 (Fla.1978).
AFFIRMED.
BOYER and SMITH, JJ., concur.