COBB, Judge.
This matter is before us on two petitions for writ of certiorari which have been consolidated for our review. One petition relates to the decision of the trial judge to recuse himself. We deny certiorari review of that decision on authority of Dickenson v. Parks, 104 Fla. 577, 140 So. 459 (1932).
We also deny certiorari review of the trial court’s determination that the defendant herein is not insolvent. That determination was based on the facts that the defendant Arnold was salaried and able to obtain $10,000.00 for privately retained counsel and $100,000.00 for a cash bond for his release from custody. It is not a departure from essential requirements of law (the prerequisite for certiorari review) for the trial court to find that Arnold is not insolvent based upon Florida Rule of Criminal Procedure 3.111(b)(4). See Combs v. State, 436 So.2d 93 (Fla.1983).
The defendant was adjudicated insolvent for purposes of his trial and appeal in 1979. Those matters were concluded years ago. Then, on January 13, 1983, the trial judge heard a motion to vacate filed by new private counsel for Arnold alleging that his privately retained counsel at trial in 1979 was incompetent. The motion to vacate was granted by order of the trial court dated February 23, 1983, the 1979 conviction was vacated, and a new trial was ordered.
With no motion, hearing or order in regard to Arnold’s insolvency subsequent to the two entered in 1979 (for trial and appeal), his present counsel allegedly incurred $2,553.20 in costs in preparation of the motion to vacate, and $5,628.96 in costs subsequent to the order for new trial in preparation for trial. Finally, in August, 1983, the new trial counsel asked the trial court for another determination of insolvency and for the county to be responsible for the $8,182.16 previously incurred in 1982-1983.
Florida Rule of Criminal Procedure 3.220(k) provides:
Costs of Indigents. After a defendant is adjudged insolvent, the reasonable costs incurred in the operation of these rules shall be taxed as costs against the county. (Emphasis added.)
The court order adjudicating Arnold insolvent, for purposes of appeal entered on November 13, 1979, did not entitle him to incur costs at public expense beyond that appeal. His 1982 and 1983 costs, unconnected with the plenary appeal from the 1979 conviction, were not incurred after an adjudication of insolvency pertaining to post-appeal proceedings. Nor was it reasonable for Arnold’s present attorney to incur costs based on the assumption that the 1979 order of insolvency was one in perpetuity.
The record before us indicates that Arnold’s present attorney has been paid some $10,000 for his services and that Arnold posted a $100,000.00 cash bond for his release from custody on June 17, 1983. These sums were paid for Arnold by his employer. The trial court also found that Arnold, after his release, was reemployed on salary. The trial court, in denying Arnold’s motion in August for a retroactive and prospective adjudication of insolvency, may have considered the expenditure of $110,000.00 for attorney fees and bail money. In addition, however, the court found that, at the time of hearing, Arnold was on salary. The record before us indicates that Arnold’s gross monthly salary in August, 1983, was in excess of $1,000.00.
*886 There is a presumption of solvency at the outset of a criminal proceeding and the defendant has the burden of rebutting that presumption. Slater v. State, 356 So.2d 69 (Fla. 1st DCA 1978). There is also a statutory presumption that Arnold is not indigent by reason of the fact that he was released on bail in an amount exceeding $5,000.00. § 27.52(2)(b), Fla.Stat. (1983). Under these circumstances, we cannot find that the trial court departed from essential requirements of law in denying Arnold’s motion. The position advocated by Arnold and his present counsel would give carte blanche access to county treasuries to every convicted insolvent defendant, ad in-finitum. The petitions are
DENIED.
DAUKSCH and COWART, JJ., concur.