BLUE, Judge.
Mark D. James appeals his convictions for robbery with a firearm, first-degree burglary, kidnapping with a firearm, and aggravated battery with a deadly weapon. On appeal, he raises several points of error. We agree with one point, that the trial court erred by failing to conduct a Richardson hearing. Therefore, we reverse and remand for a new trial.
A critical issue at trial was the victim’s identification of her assailant. To explore that issue, James’ defense counsel cross-examined the investigating detective about the physical description of a certain Carl Thompson. On re-direct, the state showed the detective a photograph of Thompson and then introduced the photograph into evidence. When the defense objected that the photograph was not provided in discovery, the state responded -that the defense had “opened the door.” The court stated, “I agree it was mentioned. I don’t see — it was mentioned. Admitted.”
James argues that the trial court failed to conduct a hearing with regard to the *689 photograph as required by Richardson v. State, 246 So.2d 771 (Fla.1971). The state argues there was no discovery violation because the state did not intend to use the photograph at trial. Whether the state intended to use the photograph is an issue that should have been resolved at a Richardson hearing. Ratcliff v. State, 561 So.2d 1276 (Fla. 2d DCA 1990). We note that the state apparently anticipated the need for the photograph because the prosecutor had it with him in the courtroom. As the failure to conduct a Richardson hearing regarding an alleged discovery violation is per se reversible eiTor, we reverse and remand for a new trial. Smith v. State, 500 So.2d 125 (Fla.1986); Lee v. State, 538 So.2d 63 (Fla. 2d DCA 1989).
We find no merit in James’ argument that the aggravated battery count is a lesser included offense of the armed robbery count. The record shows that James committed two separate acts constituting the offenses of armed robbery and aggravated battery. We also find no merit in James’ remaining issues.
Accordingly, because the trial court failed to conduct a Richardson hearing, we reverse James’ convictions and remand for a new trial.
PARKER, A.C.J., and FULMER, J., concur.