647 So.2d 957 (1994)
Kevin Walter PENDER, and Clarence Pender, Appellants,
v.
STATE of Florida, Appellee.
Nos. 93-1832, 93-1942.
District Court of Appeal of Florida, Fifth District.
December 2, 1994.
*958 James B. Gibson, Public Defender, and James T. Cook and Noel A. Pelella, Asst. Public Defenders, Daytona Beach, for appellants.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Mark S. Dunn, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Clarence Pender and Kevin Walter Pender appeal their convictions for sexual battery on a child less than twelve years of age.[1] Clarence Pender is the victim's father, and Kevin Pender is the victim's uncle.
Dr. Tokarski, an examining pediatrician with the Child Protection Team,[2] testified at trial that she examined the victim on June 11, 1992. According to Dr. Tokarski, although the child's hymen was intact, she had a discharge at the opening of the vagina, scarring and a cyst. Dr. Tokarski opined that these "abnormalities" had been caused by "blunt trauma" to [the child's] "outer genitals," but was unable to date the trauma beyond stating that it was more than five to seven days old. Dr. Tokarski also stated that she did a culture which showed that the child had chlamydia.
On cross-examination by the father's counsel, Dr. Tokarski was asked whether she had examined the child with a colposcope, an instrument which has the ability to take a photograph. She acknowledged that she had taken a colposcopic photograph of the child, and had "discussed it" with the prosecutor, although she had not given the photograph to him. At this point, both defense counsel asked for a Richardson hearing, claiming a discovery violation based on the state's failure to produce the photograph.[3] See Fla.R.Crim.P. 3.220(b)(1)(J) (1993). The trial court refused. This was per se reversible error. James v. State, 639 So.2d 688 (Fla. 2d DCA 1994); Smith v. State, 500 So.2d 125 (Fla. 1986); Richardson v. State, 246 So.2d 771 (Fla. 1971). It is not subject to a harmless error analysis. Schopp v. State, 641 So.2d 141 (Fla. 4th DCA 1994), rev. granted, 649 So.2d 235 (Fla. 1994).
REVERSED and REMANDED.
PETERSON and GRIFFIN, JJ., concur.
DIAMANTIS, J., concurs specially in result, with opinion, in which PETERSON, J., concurs.
DIAMANTIS, Judge, concurring in result.
I concur that the trial court committed reversible error in not conducting a Richardson[1] hearing regarding the state's failure to disclose to the defense the existence of the colposcopic photograph taken by Dr. Tokarski, a member of the Child Protection Team. See Lee v. State, 538 So.2d 63, 65 (Fla. 2d DCA 1989), and cases cited therein.
PETERSON, J., concurs.
NOTES
[1] The defendants, who are brothers, were tried together below, and their cases have been consolidated for the purposes of appeal.
[2] A multidisciplinary team funded by state grants to investigate suspected abuse or neglect of children referred by HRS or a law enforcement agency.
[3] Defense counsel also informed the court that he had served a subpoena duces tecum on Dr. Tokarski specifically requesting any colposcopic photographs. No such subpoena is contained in the record on appeal and it is unclear when and where the photographs were to be produced.
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).