PER CURIAM.
This is the second appearance of this case before this court,[1] which has been remanded to us for reconsideration in light of the Supreme Court of Florida’s decision in State v. Schopp, 653 So.2d 1016 (Fla.1995)[2] that the failure to conduct a Richardson hearing is subject to a harmless error analysis. We affirm the convictions because we find that the discovery violation we identified, the failure to provide a copy of a colposcopic photograph to the defendant, was harmless beyond a reasonable doubt.
It was undisputed that the nine-year-old victim in this case had chlamydia, a sexually transmitted disease. This was established through clinical testing, and Dr. Tokarski testified that the only way the child could have gotten the disease was through sexual contact. The defendants essentially conceded that the victim had had sexual contact with someone — the question was with whom. Dr. Tokarski’s testimony was actually helpful to the defendants since she established the child had chlamydia; both defendants had tested negative for chlamydia. The failure to produce the colposcopic photograph could only have been harmful error if it could have negated the identity of the defendants as perpetrators or if it could have helped impeach the child victim’s credibility. The former is obviously impossible and, as to the latter, the most the actual photograph could have accomplished was to negate Dr. Tokar-ski’s testimony that she found scarring consistent with sexual contact. In other words, if the photograph had shown no genital abnormality for a nine-year-old, this may have been somewhat impeaching of the child’s testimony concerning her repeated abuse. This same fact was otherwise established, however, through Dr. Tokarski’s testimony that the child’s hymen was intact. As stated, however, it was undisputed that the child was the victim of some sexual contact. The fact that defense counsel did not avail himself of the opportunity, offered by the judge, to question Dr. Tokarski about the photograph further confirms the unimportance of what it depicted under the facts of this ease.
AFFIRMED.
PETERSON, C.J., and DAUKSCH and GRIFFIN, JJ., concur.

. Pender v. State, 647 So.2d 957 (Fla. 5th DCA 1994), review granted, 654 So.2d 920 (Fla.1995).

. State v. Pender, 661 So.2d 304 (Fla.1995).