700 So.2d 664 (1997)
Kevin Walter PENDER, et al., Petitioners,
v.
STATE of Florida, Respondent.
No. 89619.
Supreme Court of Florida.
October 9, 1997.
*665 James B. Gibson, Public Defender, Noel Pelella, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, for Petitioners.
Robert A. Butterworth, Attorney General, Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Respondent.
KOGAN, Chief Justice.
We have for review Pender v. State, 682 So.2d 1161 (Fla. 5th DCA 1996), wherein the district court of appeal created express and direct conflict by misapplying this Court's decision in State v. Schopp, 653 So.2d 1016 (Fla.1995). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. Although we find the district court misapplied Schopp, we approve the district court's decision because a proper application of Schopp leads us to conclude, as did the district court, that the State's discovery violation and the trial court's failure to conduct a Richardson[1] hearing were harmless error.
Clarence Pender and Kevin Walter Pender were convicted of sexual battery on a child less than twelve years of age. Clarence Pender is the victim's father and Kevin Walter Pender is the victim's uncle. The Penders appealed their convictions alleging that the trial court failed to conduct a Richardson hearing with regard to a colposcope[2] photograph of the victim. The examining pediatrician, Dr. Tokarski, testified during cross-examination that she had taken a colposcope photograph and discussed the photograph with the prosecutor. She further testified, however, that she did not give the prosecutor the photograph. The defendants alleged a discovery violation and sought a Richardson hearing. Specifically, the defendants alleged a Richardson hearing was necessary because Dr. Tokarski, who possessed the photograph, had been served with a defense subpoena but failed to produce the photograph. The trial court refused to hold a Richardson hearing.
The district court, relying on this Court's decision in Smith v. State, 500 So.2d 125 (Fla.1986), originally found the trial court's failure to conduct a Richardson hearing per se reversible. Pender v. State, 647 So.2d 957 (Fla. 5th DCA 1994) (Pender I). This Court quashed the district court's decision and remanded for reconsideration in *666 light of State v. Schopp, 653 So.2d 1016 (Fla. 1995). State v. Pender, 661 So.2d 304 (Fla.1995)(Pender II). In Schopp, we overruled Smith and found the failure to conduct a Richardson hearing was no longer per se reversible but could be harmless error if there was no reasonable possibility that the discovery violation procedurally prejudiced the defense. Schopp, 653 So.2d at 1020.
On remand in the instant case, the district court affirmed the convictions after finding that the failure to give the photograph to the defense was harmless beyond a reasonable doubt. Pender v. State, 682 So.2d 1161 (Fla. 5th DCA 1996)(Pender III). Specifically, the district court found:
The failure to produce the colposcopic photograph could only have been harmful error if it could have negated the identity of the defendants as perpetrators or if it could have helped impeach the child victim's credibility. The former is obviously impossible and, as to the latter, the most the actual photograph could have accomplished was to negate Dr. Tokarski's testimony that she found scarring consistent with sexual contact. In other words, if the photograph had shown no genital abnormality for a nine-year-old, this may have been somewhat impeaching of the child's testimony concerning her repeated abuse.
Pender III, 682 So.2d at 1162.
The district's court's analysis appears inconsistent with Schopp. According to Schopp, the State's violation of a discovery rule and the trial court's subsequent failure to conduct a Richardson inquiry may be harmless error if the court can ascertain beyond a reasonable doubt that these errors did not materially hinder the defendant's trial preparation. Specifically, Schopp states:
In determining whether a Richardson violation is harmless, the appellate court must consider whether there is a reasonable possibility that the discovery violation procedurally prejudiced the defense. As used in this context, the defense is procedurally prejudiced if there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different if it reasonably could have benefited the defendant. In making this determination every conceivable course of action must be considered. If the reviewing court finds that there is a reasonable possibility that the discovery violation prejudiced the defense or if the record is insufficient to determine that the defense was not materially affected, the error must be considered harmful. In other words, only if the appellate court can say beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation can the error be considered harmless.
653 So.2d at 1020-21.
While the district court here recognized that we remanded this case in light of Schopp, the court did not indicate that in conducting a harmless error analysis it considered the impact of the State's discovery violation or the trial court's failure to conduct a Richardson hearing on the defendants' trial preparation. Instead, it appears that the district court, in direct contravention of Schopp, considered the impact of these errors on the fact finder. The opinion, particularly the aforementioned portion, seems to indicate that the district court based its holding on a finding that the defendants did not experience any substantive prejudice.
The State maintains that whether the district court applied the appropriate harmless error analysis is irrelevant, because the trial court found that the State did not violate a rule of discovery. The State further maintains that the trial court's finding was correct because the State never introduced the colposcope photograph at trial and the defendants knew of the existence of the photo prior to trial and specifically requested it in Dr. Tokarski's subpoena.[3] Finally, the State asserts that as the court did in Bateman v. State, 566 So.2d 358, 359 (Fla. 4th DCA 1990), this Court should find that the record *667 in the instant case reveals that the trial court did not abuse its discretion in finding that no discovery violation occurred and, consequently, that a Richardson hearing was not warranted.
The State correctly contends that where a trial court rules that no discovery violation occurred, the reviewing court must first determine whether the trial court abused its discretion. Consalvo v. State, 697 So.2d 805 (Fla.1996); Justus v. State, 438 So.2d 358 (Fla.1983), cert. denied, 465 U.S. 1052, 104 S.Ct. 1332, 79 L.Ed.2d 726 (1984). However, the district court in this case recognized that a discovery violation occurred. We did the same in Pender II when we remanded for reconsideration in light of Schopp. Moreover, the record in the instant case does not support the State's conclusion that the trial court found no discovery violation. Rather, the record reflects that the trial court determined the State should have listed the colposcope photograph. The trial court stated with regard to the photo:
[I]t is not the [province] of the State to decide what is beneficial to the defense and what is not beneficial to the defense.
Your obligation is specifically to provide them with a laundry list of what is available. Whether or not they chose to avail themselves and look at those things is for them to decide and not for you to decide.
The trial court did thereafter state that no discovery violation occurred, but it based this conclusion on its finding that the State did not intentionally or willfully withhold the photograph. We find the trial court's statement, like the similar statement made by the trial court in Reese v. State, 694 So.2d 678 (Fla.1997), actually related to the second prong of the Richardson inquirythe fixing of a sanction. Thus, as we did in Reese, we conclude that the trial court found a discovery violation but failed to first address the prejudice to the defendants caused by that violation as is required by Richardson. Consequently, we decline to deviate from the district court's conclusion that a discovery violation occurred and we examine the record for procedural prejudice.
Although we confirm that a discovery violation occurred and find that the district court misapplied Schopp in evaluating that discovery violation, we agree with the district court's conclusion that the discovery violation and the trial court's failure to conduct a Richardson hearing were harmless error. The photograph was never introduced at trial. Although Dr. Tokarski's testimony was based in part on the photograph, the photograph and her testimony were consistent. Cf. Schopp, 653 So.2d at 1019. Both demonstrated that the victim bore various "abnormalities."[4] The photograph, however, did not indicate what the possible cause of these "abnormalities" might have been. Thus, we conclude that the photograph did not contain anything that could have supported a defense other than that taken by the defendants. Even if the defendants had access to the photograph, they would have had to argue, as they did before the district court, that they had not caused the "abnormalities" pictured in the photograph.
Accordingly, we approve the district court's finding that the State's discovery violation and the trial court's failure to conduct a Richardson hearing were harmless beyond a reasonable doubt. However, we disapprove the district court's opinion to the extent that it conflicts with Schopp.
It is so ordered.
OVERTON, SHAW and HARDING, JJ., concur.
ANSTEAD, J., concurs with an opinion in which KOGAN, C.J., and SHAW, J., concur.
GRIMES, J., concurs in result only with an opinion in which WELLS, J., concurs.
ANSTEAD, Justice, concurring.
I fully concur in Chief Justice Kogan's opinion and especially its emphasis upon the need for an appellate opinion to demonstrate that it has applied the correct harmless error *668 analysis in deciding Richardson[5] issues on appeal. This Court has consistently expressed serious concerns in its harmless error opinions that appellate courts would not act in a disciplined and professional manner to apply the strict harmless error analysis adopted by this Court. See State v. Schopp, 653 So.2d 1016 (Fla.1995); State v. DiGuilio, 491 So.2d 1129 (Fla.1986). In Schopp, dealing specifically with Richardson issues, we emphasized that the general rule for the vast majority of cases would continue to be a finding of harmful error and that the Schopp case "is clearly the exception rather than the rule." Id. at 1020.
Unfortunately, the concerns we expressed in DiGuilio and Schopp that the harmless error rules adopted therein may not be rigorously applied have proven well-founded. Far too often Florida appellate courts, including this one, have appeared to brush off serious error without analysis and with a bare conclusory statement that any error was harmless. In this regard, it appears that Justice Harding was right on target when he closed his dissenting opinion in Schopp with these words:
I believe the per se rule has served as an important prophylactic against willful violations of the discovery rules. The majority opinion states that "the requirements set forth in Richardson and its progeny should be adhered to with the same conviction as they were when noncompliance resulted in per se reversal." Majority op. at 1021. While these are nice words, my twenty-three years of experience on the trial bench and four years on the appellate bench make me doubt that this admonition will achieve its intended purpose. Even with the per se rule, we have seen many cases where the trial court failed to conduct a required Richardson hearing, as in the instant case. This makes me question how much weight the majority's admonition will carry without the big stick of the per se rule backing it up. The Court may be opening the door for a little toe, but I fear that a very large foot is attached to that toe.
Id. at 1024 (Harding, J., dissenting). Justice Harding, of course, is too much of a gentleman to say "I told you so," but we on the appellate bench must recognize the wisdom of his warning of the slippery slope of harmless error review.
KOGAN, C.J., and SHAW, J., concur.
GRIMES, Justice, concurring in result only.
I concur that the failure to produce the colposcope photograph was harmless error. I write only to suggest that the district court of appeal's analysis concerning the unimportance of the photograph necessarily encompassed a determination that the defense was not prejudiced by the failure to produce it.
WELLS, J., concurs.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla.1971).
[2] A colposcope is a binocular-like instrument that magnifies the area examined and allows for the detection of small abnormalities.
[3] The record does not include the subpoena and therefore does not confirm or deny the State's assertion that the defendants knew of the existence of the photograph prior to trial and specifically requested it in the subpoena.
[4] The photo showed that the victim had a discharge at the opening of the vagina, scarring, and a cyst.
[5] Richardson v. State, 246 So.2d 771 (Fla.1971).