728 So.2d 1204 (1999)
William JOHNSON, Petitioner,
v.
The STATE of Florida, Respondent.
No. 98-2074.
District Court of Appeal of Florida, Third District.
March 17, 1999.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for petitioner.
Robert A. Butterworth, Attorney General, and Simone P. Firley, Assistant Attorney General, for respondent.
Before SCHWARTZ, C.J., and GERSTEN and FLETCHER, JJ.
FLETCHER, Judge.
William Johnson, a defendant in a driving under the influence case, seeks certiorari review of an opinion by the Appellate Division of the Eleventh Judicial Circuit Court [appellate division] which affirmed Johnson's conviction. Because we find that the appellate division's final order applied the wrong legal standard in Johnson's appeal from the county court and that, in so doing, departed from essential requirements of law which will result in a miscarriage of justice if not corrected, we grant the petition for certiorari, quash the final order of the appellate division, and remand the case to the county court for a new trial.
At Johnson's trial in the county court, the sole witness against Johnson was the police officer who arrested him at 3:15 a.m. on October 6, 1998. Johnson testified in his own defense and disputed much of what the officer said, including the officer's description of statements allegedly made by Johnson concerning his whereabouts on the night of the arrest and how much alcohol he consumed. Regarding Johnson's whereabouts, the officer testified that Johnson said he had dinner at Monty Trainer's Restaurant in Coconut Grove. Johnson testified that he did not tell the officer he had been at Monty Trainer's because, in fact, he had dinner with business associates at a different, well-known Coconut Grove establishment: The Taurus.
Following Johnson's direct testimony and cross examination by the State, on redirect, Johnson's counsel attempted to introduce into evidence a credit card receipt from the *1205 Taurus Steak House dated October 5, 1997 (the day before Johnson's early morning arrest). There was no time stamp on the receipt so only the date, October 5, 1997, was evident from the receipt. The State objected to the attempted introduction, asserting that because the receipt had not been provided to the State during discovery, it was inadmissible at trial. Without holding a formal Richardson hearing, see Richardson v. State, 246 So.2d 771 (Fla.1971)(discovery violations), the court refused to allow the receipt into evidence, stating, "From a Richardson standpoint, there was no timely disclosure." (T. vol. II, at 507).
After he was convicted, Johnson appealed to the appellate division, see Art. V, § 5, Fla. Const.; Fla.R.App.P. 9.030(c), asserting error in the county court's refusal to admit the receipt without first holding a proper Richardson hearing. The State responded to the appeal, raising the harmless error doctrine[1] as a basis for affirmance. The appellate division found that the county court had committed error in failing to hold an adequate Richardson hearing on the alleged discovery violation, but that the error was harmless in this case.
In making its harmless error ruling, the appellate division relied on two Florida Supreme Court cases: State v. Schopp, 653 So.2d 1016 (Fla.1995) and Pender v. State, 700 So.2d 664 (Fla.1997). Due to its reliance on Schopp and Pender, the appellate division ruled that the county court's exclusion of Johnson's evidence without a proper Richardson hearing could only be grounds for reversal if such exclusion forced a change in Johnson's trial strategy. See Pender, 700 So.2d at 666; Schopp, 653 So.2d at 1020-21. Finding that Johnson's trial strategy did not change when the receipt was excluded, i.e., he continued to defend himself by calling the officer's truthfulness into question, the appellate division found the county court's error to be harmless and affirmed the conviction. Johnson then filed the present petition for certiorari review with this court.
We agree with Johnson that the cases relied on by the appellate division and the harmless error standard they establish are not applicable in a case such as the present one where defense evidence has been excluded erroneously for an alleged discovery violation. We accordingly find that the appellate division departed from the essential requirements of law by applying that standard of review in this case, and, thus, we grant the petition for certiorari.
Both Schopp and Pender involve clearly different factual scenarios in which State evidence was improperly admitted against a defendant despite a State discovery violation to which the defendant objected. The facts of the present case, however, are different from those in Schopp and Pender. This case involves, instead, the exclusion of potentially important defense evidence for an alleged discovery violation without first holding a proper Richardson hearing to determine appropriate sanctions. The better reasoned law governing this area states that where defense evidence is erroneously excluded for alleged discovery violations, the court must review the error under a different harmless error analysis. In cases such as this one, the reviewing court must determine whether the erroneously excluded evidence could have had an effect on the jury favorable to the defendant, or, in other words, could the improper exclusion have reasonably affected the outcome of the case. If the answer to that inquiry is positive, the error is not harmless. See C.D.B. v. State, 662 So.2d 738 (Fla. 1st DCA 1995); O'Rourke v. State, 645 So.2d 569, 571 (Fla. 5th DCA 1994), approved, 661 So.2d 800 (Fla.1995). But see M.N. v. State, 724 So.2d 122 (Fla. 4th DCA 1998).
Applying the proper standard in this case, it is reasonable to find that the excluded receipt might have been viewed by the jury as important corroboration of Johnson's version of the events leading up to his arrest. In light of such corroboration the jury might have been convinced that he, and not the arresting officer, was being truthful about all the disputed issues, including whether Johnson was driving in an intoxicated state on the night in question. In short, the corroboration *1206 by direct evidence might have been all that was needed to raise a reasonable hypothesis of innocence. Because we find, following a full review of the record[2] that admission of the evidence reasonably could have had a favorable effect on the jury, the error in excluding it was not harmless in this case and the appellate division's conclusion otherwise represents a violation of a clearly established principle of law resulting in a miscarriage of justice, thus supporting a writ of certiorari in this case. See Haines City Community Dev. v. Heggs, 658 So.2d 523, 529-30 (Fla.1995); Combs v. State, 436 So.2d 93 (Fla.1983).
Johnson's petition for writ of certiorari is granted, the order of the appellate division is quashed, and the case is remanded to the county court for a new trial.
NOTES
[1] § 59.041, Fla.Stat. (1997).
[2] In a "disciplined professional manner," as we are obliged to do under the Florida Supreme Court's Pender decision. See Pender, 700 So.2d at 668 (Anstead, J., concurring).