IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NICOLE CHERI PARKER,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1855

Opinion filed September 13, 2017.

An appeal from the Circuit Court for Okaloosa County.
Michael Flowers, Judge.

Bert Moore, The Moore Law Office, Crestview, for Appellant.

Pamela Jo Bondi, Attorney General, and Tayo Popoola, Assistant Attorney General,
Tallahassee, for Appellee.

PER CURIAM

      Nicole Cheri Parker appeals, on multiple grounds, her conviction for aggravated battery with great bodily harm and with a weapon. Of her claims, we write to address only the assertion that the trial court committed reversible error in failing to conduct an adequate Richardson hearing. See Richardson v. State, 246 So. 2d 771 (Fla. 1971). On this point, we agree with Nicole Parker, and reverse and remand for a new trial.

Nicole Parker's conviction is related to an incident that took place at the residence of Candice Day. Nicole Parker was convicted of cutting the throat of Wade Parker (her estranged husband) during an altercation between Wade Parker and another acquaintance, Donald Jesperson. Testimony from eyewitnesses established that while Wade Parker was in a fighting hold with Jesperson, Nicole Parker jumped on Wade Parker's back. Subsequently, Wade Parker's throat was cut with a knife. Conflicting testimony was presented at trial as to who committed the offense.

Candice Day testified at trial, that during the fight, Nicole Parker came running into her bedroom, grabbed a knife, and ran out. She also testified that Nicole Parker came back in the room shortly after and said, "Candice, I swear to God I didn't cut [Wade]." Day's trial testimony was significantly different from the statement she gave to police immediately following the incident. During cross-examination, defense counsel established that Day's sworn statement to the police did not include any mention of Nicole Parker grabbing a knife from the bedroom, nor did it include the statement upon re-entering the bedroom. Day confirmed that her prior sworn statement did not allege these facts. She emphasized the State became aware of the additional facts during a pre-trial meeting. She testified:

> I know what it says. And I talked to Ms. Torres (prosecutor) about it. I was under the impression that I was going to be questioned by investigators, like they did everybody else. And at that point I was

scared because she had not been found. And it's better for me to tell my statement than write it.

The State did not notify defense counsel prior to trial of the expected changes to Day's testimony.

Following cross-examination of Day, defense counsel timely objected and argued the State committed a discovery violation by not advising of the change in Day's testimony prior to trial. In response, the trial court focused on whether Day had recanted anything in her original statement or had merely added to it at trial. Finding Day merely supplemented her earlier testimony, the trial court denied defense counsel's objection without further explanation or inquiry.

*Richardson Hearing*

Once on notice of a potential discovery violation, the trial court initiates the Richardson inquiry as follows: 1) the court must determine whether a discovery rule has been violated; and 2) if the court finds a violation, it must assess whether the violation was inadvertent or willful, trivial or substantial, and whether it has prejudiced the opposing party's ability to prepare for trial. Johnson v. State, 25 So. 3d 662, 665 (Fla. 1st DCA 2010); Richardson, 246 So. 2d at 775.

In the present case, defense counsel placed the trial court on notice that a possible discovery violation had occurred, which triggered a Richardson inquiry. Following a brief discussion, the trial court denied defense counsel's objection to Day's testimony. The trial court did not address step two of the Richardson analysis;

3

thus, presumptively finding that the State did not commit a discovery violation. "Where a trial court rules that no discovery violation occurred, the reviewing court must first determine whether the trial court abused its discretion." Pender v. State, 700 So. 2d 664, 667 (Fla. 1997).

In State v. Evans, the Florida Supreme Court held that the State's failure to inform the defendant of an anticipated change in a witness's testimony from initial statement to testimony at trial was tantamount to failing to disclose a witness, and thus, the State committed a discovery violation. 770 So. 2d at 1179. In Evans, a witness told police she essentially knew nothing about an alleged shooting. Id. at 1176. However, at trial, the witness testified she had a discussion with the defendant the night before the shooting, in which the defendant laid out his plan to shoot the victim. Id. The witness also testified that she told police about the conversation approximately one month before trial. Id. The State had knowledge of the changed testimony, but did not disclose the change to the defense. Id. The court determined this failure to disclose resulted in a discovery violation. Id.

The factual scenario in the present case is nearly identical to that of Evans. The State concedes that it was aware Day's testimony at trial was going to be different from her previous statement to police and that the defense was not informed of the change. Accordingly, we find the State committed a discovery violation by failing to provide Nicole Parker with the substance of the changed testimony prior

4

to trial, and the trial court abused its discretion in finding otherwise. Because we determine that a discovery violation occurred, we also must conclude that the scope of the <u>Richardson</u> inquiry was inadequate, as the trial court did not inquire into the factors of whether the violation was inadvertent or willful, trivial or substantial, and if prejudicial to the opposing party's trial preparation.

*Harmless Error*

A <u>Richardson</u> violation is subject to harmless error analysis. <u>C.D.B. v. State</u>, 662 So. 2d 738, 741 (Fla. 1st DCA 1995) (quoting <u>State v. Schopp</u>, 653 So. 2d 1016, 1020 (Fla.1995)); <u>Pender v. State</u>, 700 So. 2d 664, 666 (Fla. 1997).

> In determining whether a <u>Richardson</u> violation is harmless, the appellate court must consider whether there is a reasonable possibility that the discovery violation procedurally prejudiced the defense. As used in this context, the defense is procedurally prejudiced if there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred... In other words, only if the appellate court can say beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation can the error be considered harmless.

<u>Schopp</u>, 652 So. 2d at 1021. In <u>Scipio v. State</u>, 928 So. 2d 1138, 1148 (Fla. 2006), the Florida Supreme Court also said of its decision in <u>Schopp</u>, "[t]he decision further noted that 'the vast majority of cases' will not have a record sufficient to support a finding of harmless error and that there is a 'high probability' that any given error will be found harmful."

5

Applying the Schopp standard to the present case, we cannot conclude beyond a reasonable doubt that, "neither the discovery violation nor the trial court's failure to inquire into whether corrective sanctions were warranted materially hindered the defendant's trial preparation or strategy." Schopp, 652 So. 2d at 1020; Kiser v. State, 921 So. 2d 28, 30 (Fla. 1st DCA 2006). In this case, there was no testimony, other than Day's, that specifically addressed the origin of the knife used to cut Wade Parker. Though two witnesses linked Nicole Parker with the knife after she jumped on Wade Parker's back, no witness other than Candice Day placed the knife in her hand before the incident. Jesperson testified he saw a knife in Nicole Parker's hand after she jumped on Wade Parker's back and cut his throat. Similarly, Troy Day testified that the knife was dropped after Nicole Parker made contact with Wade Parker. However, with the exception of Candice Day, no witness testified that Nicole Parker had a knife in her hand before she made contact with Wade Parker. And until Candice Day testified at trial, defense counsel was not aware that a witness could place Nicole Parker with a knife immediately before the incident. Additionally, in contrast to her sworn statement to the policy, Candice Day testified at trial that Nicole Parker said "Candice, I swear to God I didn't cut [Wade]." According to Candice Day, that statement was made after Wade Parker was cut, but before anyone had accused Nicole Parker of committing the act. It cannot be said that there was no reasonable possibility that Nicole Parker's trial preparation would

6

have been different if the discovery violation had not occurred. The failure to hold an adequate <u>Richardson</u> hearing, under these facts, does not constitute harmless error.

Accordingly, based on the above, we reverse and remand for a new trial. We affirm the two remaining issues raised without further comment, as we find that the trial court did not commit fundamental error in admitting the video of Nicole Parker's custodial interrogation, nor did it err in denying her motion for judgment of acquittal.

REVERSED and REMANDED for a new trial consistent with this opinion.

ROWE, RAY, and M.K. THOMAS, JJ., CONCUR.