# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1622
_____

ALLEN COOPER,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Stewart E. Parsons, Judge.

November 20, 2018

PER CURIAM.

Allen Cooper walked into a Tallahassee bank, threatened the teller with a gun, and left with $3,200 in cash. At Cooper's trial for robbery with a firearm, his counsel conceded in opening statements that Cooper robbed the bank. Cooper himself testified and likewise admitted to the robbery. The only real dispute at trial was whether Cooper used a gun. He said he did not; the teller said he did. The jury concluded he did, and the trial court sentenced Cooper to a ten-year mandatory-minimum term.

Cooper now raises two issues on appeal. He first argues that the trial court failed to conduct a timely and adequate *Richardson* inquiry after an alleged discovery violation was raised mid-trial. *See Richardson v. State*, 246 So. 2d 771 (Fla. 1971). When Cooper's

girlfriend was testifying, the prosecutor sought to have her identify Cooper's Facebook page. The night before trial, Cooper posted a statement saying, "Tomorrow I will be taking a very long, forced hiatus. To be specific, very likely ten years." Defense counsel objected that the statement had not been disclosed, but the court ultimately allowed the girlfriend to identify the Facebook page and for the post to come in during Cooper's testimony.

When on notice of a potential discovery violation, "1) the court must determine whether a discovery rule has been violated; and 2) if the court finds a violation, it must assess whether the violation was inadvertent or willful, trivial or substantial, and whether it has prejudiced the opposing party's ability to prepare for trial." *Parker v. State*, 225 So. 3d 1008, 1010 (Fla. 1st DCA 2017) (citations omitted). But a court's failure to conduct a proper *Richardson* inquiry is subject to a harmless error analysis. *See State v. Schopp*, 653 So. 2d 1016, 1021 (Fla. 1995). We conclude that the error in the court's *Richardson* inquiry—if there was any error—was harmless.

Cooper next argues that the trial court erred in striking a portion of his testimony. During cross-examination, the prosecutor asked why Cooper had made the statement on Facebook. Cooper responded:

> Because I was telling my friends and family who have stuck by me through this, thank you for supporting me because I have a big support group who knows me and knows this and knows that I'm manning up right here, right now, and I'm not trying to get out of anything other than what you're trying to charge me with what I didn't have. You wouldn't even come off a plea bargain; so, of course, I'm walking in here talking about I'll likely get ten years.

The prosecutor objected and the trial court struck Cooper's answer because it referenced plea discussions.

On appeal, Cooper claims the trial court's action denied him the ability to explain the Facebook post and therefore an opportunity to present a full and fair defense. The portion of Cooper's response talking about the prosecutor's plea offer was

2

inadmissible. *See* § 90.410, Fla. Stat. (2016). But even if the court erred in striking the rest of Cooper's response, the error was undoubtedly harmless. *See State v. DiGuilio*, 491 So. 2d 1129, 1139 (Fla. 1986). Cooper's Facebook post suggested he was going to prison for ten years. It did not suggest Cooper used a gun during the robbery, which was the only issue at trial. Given that defense counsel and Cooper admitted he was at least guilty of robbery, Cooper's inability to explain the Facebook post could not have contributed to the verdict.

AFFIRMED.

MAKAR, WINOKUR, and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Candice Brower, Criminal Conflict and Civil Regional Counsel, and Michael J. Titus, Assistant Regional Conflict Counsel, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Kaitlin Weiss, Assistant Attorney General, Tallahassee, for Appellee.