DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANGEL ROBERTS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-608

[March 24, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Charles S. Schwab, Judge; L.T. Case No. 562017CF002916A.

Carey Haughwout, Public Defender, and Robert Porter, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, C.J.

Appellant appeals his convictions and sentences for harassing a victim and trespass, arguing that the trial court erred in failing to conduct a *Richardson* hearing where the state did not disclose that a detective would be testifying as an expert. The state acknowledges it was error for the trial court not to hold a *Richardson* hearing. We agree that the trial court reversibly erred in failing to conduct a *Richardson* hearing and find that the error was not harmless. We reverse for a new trial; therefore, we do not reach the remaining issues raised in this case.

Appellant was charged with several offenses, including harassing a victim. The charge of harassing a victim arose from jailhouse phone calls appellant made to his brother in which appellant asked his brother to perform a "peter roll" at the victim's address. During the testimony of a detective, the state asked the detective what the term "peter roll" meant. Appellant objected, arguing that the detective was not listed as an expert. The trial court found that the testimony did not require the detective to be an expert and permitted the detective to testify that "[a] peter roll is the

use of force to take something or to intimidate. Mostly in terms of a correctional setting, it was mostly for a robbery, you know, they would peter roll somebody for commissary items or for drugs."

The jury found appellant guilty of harassing a victim and trespass, and acquitted appellant of two other charges.

A trial court's finding that no discovery violation occurred is reviewed for abuse of discretion. *Lamb v. State*, 246 So. 3d 400, 407 (Fla. 4th DCA 2018) (citing *Pender v. State,* 700 So. 2d 664, 667 (Fla. 1997)).

"Florida Rule of Criminal Procedure 3.220(b)(1)(A)(i) requires the state, as part of its discovery obligation, to disclose expert witnesses." *Id.* An expert witness is a person who has special knowledge, skill, experience, training, or education in a subject matter. § 90.702, Fla. Stat. (2017).

The state concedes that its failure to list the detective as an expert witness was a discovery violation and that the trial court should have held a *Richardson* hearing, but nevertheless claims the failure to hold a *Richardson* hearing was harmless error. By testifying as to the meaning of the term "peter roll," the detective was testifying as an expert. *See Smith v. State*, 7 So. 3d 473, 497 (Fla. 2009) (recognizing that police officers have testified as experts regarding "street language . . . and explained to the jury their interpretation of the words used, which occurred in contexts in which their normal lexicographical meanings would be illogical and meaningless"); *Pugh v. State*, 971 So. 2d 225, 226 (Fla. 4th DCA 2008) (affirming admission of officer's expert testimony that defendant's request for "a 20" was "street terminology for $20 worth of crack cocaine"); *Slater v. State*, 356 So. 2d 69, 71 (Fla. 1st DCA 1978) (affirming police officer's expert testimony about his interpretation of words used in intercepted conversations); *cf. Chesser v State*, 30 So. 3d 625, 628 (Fla. 1st DCA 2010) (finding error in a DUI manslaughter case in allowing lay witnesses to testify that defendant's statement that he was "throwed" meant under the influence of alcohol or drugs).

Because the detective was an expert, the trial court abused its discretion in finding no discovery violation occurred and in failing to conduct a *Richardson* hearing. We disagree with the state's contention that the failure to hold a *Richardson* hearing was harmless error. We cannot say beyond a reasonable doubt that the defense was not procedurally prejudiced by the violation. *See State v. Schopp*, 653 So. 2d 1016, 1021 (Fla. 1995). The failure to list the detective as an expert witness left the defense without its own expert to rebut the state's expert. Consequently, we reverse for a new trial.

*Reversed and remanded.*

GROSS and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**