# Third District Court of Appeal

## State of Florida

Opinion filed March 23, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-258
Lower Tribunal Nos. M19-23779 & 20-92 AC

_____

**Ricardo Marven St. Juste,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Lizzet Martinez, Judge.

Carlos J. Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Sonia Perez, Assistant Attorney General, for appellee.

Before SCALES, MILLER and GORDO, JJ.

PER CURIAM.

Ricardo Marven St. Juste appeals his conviction for simple assault, claiming the trial court abused its discretion by determining, after conducting a Richardson[1] hearing, that the State had not committed a discovery violation.[2] The grounds for the purported discovery violation are St. Juste's claims that (i) the victim's trial testimony materially differed from the victim's recorded, sworn statement to the police, and (ii) the State failed to disclose to St. Juste that the victim was not a confidential informant.

With respect to the first claim, as reflected in the State's answer brief – in which the State presents a side-by-side comparison between the victim's trial testimony and the victim's recorded, sworn statement – it is readily apparent that the victim's trial testimony was not inconsistent with the victim's recorded statement. As to the second claim, prior to trial, the State submitted discovery to St. Juste stating "[t]here is no material or information which has been provided by a confidential informant."

---

[1] Richardson v. State, 246 So. 2d 771 (Fla. 1971).

[2] See Florida Rule of Criminal Procedure 3.220(b).

On this record, we are unable to conclude that the State committed any discovery violation, much less that the trial court abused its discretion[3] by coming to the same conclusion.

Affirmed.

---

[3] <u>Pender v. State</u>, 700 So. 2d 664, 667 (Fla. 1997) ("[W]here a trial court rules that no discovery violation occurred, the reviewing court must first determine whether the trial court abused its discretion.").